J-A30039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID Y. LI | |
| Appellant | No. 612 MDA 2016 |

Appeal from the Judgment of Sentence Entered March 18, 2016
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-MD-0000468-2016

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:         **FILED FEBRUARY 13, 2017**

Appellant David Y. Li appeals from the March 18, 2016 judgment of sentence entered in the Court of Common Pleas of York County ("trial court"), following his bench conviction for indirect criminal contempt ("ICC").[1]  After careful review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, a Protection from Abuse ("PFA") order was entered against Appellant, prohibiting him from having any contact with his ex-wife (the "victim").  After the victim relocated to York, Pennsylvania, with the younger of the couple's two minor boys, the older boy (N.M.) called the victim.  During the telephone call with N.M., who lived with Appellant, the victim heard

---

[1] 23 Pa.C.S.A. § 6114(a).

Appellant instruct N.M. to ask the victim about N.M.'s belongings. Subsequently, Appellant was charged with ICC and convicted of the same after a bench trial. The trial court sentenced Appellant to three months' probation. Appellant did not file post-sentence motions. He timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises three issues for our review:

I. Whether the trial court's finding [Appellant] guilty of [ICC] for violating a [PFA] order was an abuse of discretion given the evidence of record[?]

II. Whether there was sufficient evidence presented by the Commonwealth at the non-jury trial held March 18, 2016 before the Honorable Marie Musti Cook to sustain a conviction for [ICC]?

III. Whether the conviction by the Judge of [Appellant] for [ICC] was against the weight of the evidence?

Appellant's Brief at 4 (unnecessary capitalization omitted).[2]

_____

[2] Appellant's third issue concerning the weight of the evidence is waived because he failed to preserve it for appeal by not raising it before the trial court. A weight of the evidence claim must be raised either orally or by written motion before sentencing, or by written motion after sentencing to be preserved for appellate review. **See** Pa.R.Crim.P. 607(A); **see also Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013) ("A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion."). Additionally, Appellant's weight of the evidence claim is waived because he failed to raise it in his Rule 1925(b) statement. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

After careful review of the record and the relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's first two issues, which are nearly identical in that they challenge the sufficiency of the evidence. *See* Trial Court Rule 1925(a) Opinion, 6/10/16, at 3-7. Accordingly, we affirm the trial court's March 18, 2016 judgment of sentence. We further direct that a copy of the trial court's June 10, 2016 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017